## NEW-YORK COMMON PLEAS.

### JOHN SEXTON agt. SAMUEL FLEET and CATHARINE, his wife.

In an action in equity, to reach the wife's separate estate, the property which the creditor proposes to reach, must be *stated* and *designated* in the complaint, and also the nature of the wife's interest in it, must be stated, to enable the court to frame its decree in such a manner as to secure the equitable debt with as little injury to the separate estate as possible. The decree must specify out of *what property* the debt is to be paid.

Formerly, when bills have been filed to enforce a charge upon the wife's property, merely averring that she had a separate estate, without stating its character, nature or kind, they have been dismissed.

*Special Term, December,* 1857.

*Before Hon.* C. P. DALY, *Judge.*

THE complaint in this action, alleges that the defendant Catharine Fleet, who is the wife of the defendant Samuel Fleet, made a certain instrument in writing, whereby in consideration of one dollar to her paid, she guaranteed the payment of a certain note, made by the defendant Samuel Fleet,

for $150, and delivered to Patrick McHill, and by him transferred to James McMullens, who transferred the same to the plaintiff, and held her separate estate liable for the payment of the same.

That said guaranty was written on the back of said note, and when the note became due and payable, payment was demanded and refused, and notice given to the defendant Catharine Fleet.

That at the time of the making of said note and guaranty, the defendant Catharine Fleet was, and still is, possessed of certain property and real estate in her own right, and as her separate estate and property, and that the said note was given by the defendant Samuel Fleet, in payment for services performed towards the erection of certain buildings upon premises owned and belonging to the said defendant, Catharine Fleet, in her own right, and as her separate estate and property, and that the guaranty aforesaid, was accepted on the credit of the said separate estate and property of the said defendant, Catharine Fleet, and that the further consideration thereof, was the services performed upon her said property, (without describing such property.)

And prays judgment that the amount of said note with costs of protest, interest, and costs of the action, may be decreed and declared a charge upon the property and separate estate of the said defendant, Catharine Fleet, (without describing it,) that the plaintiff be paid his claim and costs, and that a receiver be appointed for that purpose, and the separate property of the said Catharine Fleet, may be sold by and under the direction of this court.

To which complaint the defendants interposed a demurrer, and specified among other things, as the ground thereof, that the complaint did not state facts sufficient to constitute a cause of action.

H. P. TOWNSEND, *for plaintiff.*
JOHN MOODY, *for defendant.*

DALY, Judge. This complaint is defective. It alleges that

Sexton agt. Fleet and wife.

the defendant Catharine Fleet was, and still is, possessed of certain property and real estate, in her own right, and as her separate estate and property, and prays that the debt, for the recovery of which the action is brought, may be decreed and declared a charge upon her property and separate estate ; that the plaintiff may be paid the amount of his debt out of the same, together with his costs, and that a receiver may be appointed for that purpose, and that her separate property may be sold under the direction of the court, and the plaintiff paid out of the proceeds of the sale.

To enable the court to give the equitable relief asked for, the complaint should set forth the property upon which the debt is to be declared a charge, and which is to be applied in payment of it. In actions of this description, the court can make no personal decree against the wife. (*Rogers* agt. *Judson*, 3 *Sand. S. C. R.* 109 ; *Cobine* agt. *St. John*, 12 *How.* 333 ; 2 *Story's Equity Juris.* § 29, *and* 1397 *to* 1400.) The proceeding is *in rem*, (*Ashton* agt. *Aylett*, 2 *Mylne & Craig*, 111,) the object being to reach her separate estate, which she may be presumed to have charged by appointment with the payment of the debt, (*Vanderheyden* agt. *Mallary*, 1 *Comst.* 452,) or at least so much of it as will be sufficient to satisfy the plaintiff's claim : " As creditors," says Lord Cottenham, in *Owens* agt. *Dickinson*, (1 *Craig & Phillips*, 48,) " have not the means at law of compelling payment of such debts, a court of equity takes upon itself to give effect to them, not as personal liabilities, but by *laying hold of the separate property* as the only means by which they can be satisfied." The property, therefore, which the creditors propose to reach in equity, must be stated, and the nature of the wife's interest in it, that the court may frame its decree in such a manner as to secure the equitable debt with as little injury to the separate estate as possible. Thus, if payments are coming due to the wife out of a particular fund, the court will decree that the payments be applied to the satisfaction of the debt, if they are sufficient for that purpose, without impairing the fund, as was the case in *Stuart* agt. *Kirkwall*, (3 *Madd.* 389,)

and *North American Coal Co.* agt. *Dyett,* (7 *Paige,* 9,) or if she have real estate, they will direct that the rents and profits be applied as was done in *Bulpin* agt. *Clark,* (17 *Ves.* 365.) Wherever this equitable relief has been granted to a creditor, he has set forth in his bill or complaint, the particular property out of which he has asked to have the debt satisfied, (*Vanderheyden* agt. *Mallary,* 3 *Barb. C. R.* 9 ; *North American Coal Co.* agt. *Dyett,* 20 *Wend.* 570, *and in all the cases collected in the English and American notes to Hulme* agt. *Tenant,* 1 *White's Leading Equity Cases ; Law Library, Vol.* 66, *p.* 394 ; *Macquean on Husband and Wife,* 294 ; 1 *Danl's. Chan. Practice,* 205,) and when bills have been filed to enforce a charge upon the wife's property, merely averring that she has a separate estate, without stating its character, nature or kind, they have been dismissed. In *Francis* agt. *Wiggal,* (1 *Madd.* 258,) the bill was filed to compel the defendant and his wife, to purchase an estate, setting forth that the wife had separate moneys and property of her own to a larger amount than the purchase money ; but it was dismissed because it did not state the nature of the property, whether real or personal, or what power she had over it, or whether it could be made available to answer the plaintiff's demand ; and in *Aylett* agt. *Ashton,* (1 *Mylne & Craig,* 105,) the bill was to compel a married woman to execute a lease, but the bill was dismissed, because it did not sufficiently appear what interest she had in the premises she had agreed to lease.

The power to compel the application of the separate property to the payment of the debt being exclusively in equity, the decree must specify out of what property it is to be paid. If the defendant, therefore, should suffer the case to go by default, we could give the plaintiff no relief, as he has not pointed out in his complaint any fund or any particular property which the court by its decree could direct to be applied.

The demurrer of the defendant is well taken, as the complaint does not disclose a case entitling the plaintiff to any equitable relief, or rather upon which the court could give any equitable relief.